UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case Number: 19-20463

v.

                              Honorable Thomas L. Ludington

JUAN HERNANDEZ, SR.,           Magistrate Judge Patricia T. Morris

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE PRESENTENCE INVESTIGATION REPORT**

On December 17, 2019, Defendant Juan Hernandez, Sr. pled guilty to kidnapping, in violation of 18 U.S.C. § 1201(a). ECF No. 32. Defendant is currently in custody awaiting an in-person sentencing hearing scheduled for December 14, 2020. On August 4, 2020, Plaintiff, the United States of America (the "Government"), moved to amend the Presentence Investigation Report ("PSR"). ECF No. 41. According to the Government, the PSR should be amended to eliminate a reduction in the offense level for acceptance of responsibility because Defendant, on July 27, 2020, attempted to send a threatening email to B.P., Defendant's victim and a witness against him. *Id.* Defendant, through counsel, filed a response brief on September 30, 2020. ECF No. 45. On October 22, 2020, the Government was ordered to supplement the record with a factual basis for the alleged email and its authenticity. ECF No. 47. The Government did so on October 30, 2020. ECF Nos. 49, 50. For the reasons stated below, Plaintiff's motion to amend the PSR will be granted.

**I.**

Defendant's plea of guilty stems from a July 3, 2019 incident where, according to Defendant's Rule 11 plea agreement, Defendant assaulted B.P., his then girlfriend, grabbing her by the throat and causing visible external injuries. ECF No. 32 at PageID.83–84. B.P. fled to neighboring homes to seek help, but Defendant dragged her into his vehicle. *Id.* Defendant pled guilty to kidnapping. Defendant's PSR, dated February 11, 2020, includes a paragraph reflecting a reduction in the offense level for acceptance of responsibility. *See* ECF No. 45 at PageID.134.

On July 27, 2020 at 2:50 A.M., an email was sent to B.P. from Defendant's housing unit at the Isabella County Jail using Defendant's credentials. ECF No. 49-3 at PageID.169. The email reads,

> WTF
>
> WHOS FACSBOOK YOU LOKKING ON CANT TELL ME WHERE YOU SEEN IT ALWAYS HINDING SHIT DUMB ASS BITCH … ALWAYS GETTING MAD AT ME FOR ASKING YOU THINGS STUPID ASS DUMB BITCH … ALWAYS LIEING DUMB BITCH YOUNTHINK YOUR SLICK BITCH … FUCK YOU REMEMBER ILL BE OUT BITCH ONE DAY AND IT WILL BE THE END OFF YOUR BLOOD LINE … WANNA TALK TO ME THAT WHY WHILE MY MOMS DIEING BITCH YOU WILL GET YOURS I PROMISE YOU THAT DUMB ASS BI POLAR BITCH WAIT AND SEE

*Id.* [sic throughout]. Another email was sent from the same account to Defendant's sister an hour earlier entitled "INFO." *Id.* at PageID.170. The body of the email contained B.P.'s address. *Id.* Later that day, at 10:24 P.M., Defendant called his sister from a jail phone that was being recorded. ECF No. 49-5 at PageID.175. He immediately asked, "Did you get the info?" ECF No. 50-1.[1] Defendant's sister responded that she did not find anything from Defendant in her inbox. *Id.*

---

[1] The Government has filed the recording of the phone call under seal.

Both emails were never delivered because officers at the Isabella County Jail flagged them due to their "threatening nature." ECF No. 49-2 at PageID.168. Defendant denies sending the email and asserts his Fifth Amendment right to remain silent. Nonetheless, for the sake of argument, he states that he had recently learned his mother was dying, and B.P. made "certain statements to [him] [] that could be viewed as intended to cause [] [him] to become upset about his mother." ECF No. 45 at PageID.133. Defendant provides no other information regarding B.P.'s alleged statements.

## II.

The United States Sentencing Guidelines allow for an offense level reduction where "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The defendant bears the burden of showing that he has accepted responsibility." *United States v. Paulette*, 457 F.3d 601, 608 (6th Cir. 2006). In determining whether a defendant qualifies, the court may consider, among other factors, whether defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction" or "voluntarily terminat[ed] or withdr[ew] from criminal conduct or associations." U.S.S.G. § 3E1.1, comment (n.1). The Guidelines commentary further explains,

> Entry of a plea of guilty . . . combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

*Id.* § 3E1.1, comment (n.3).

### III.

Despite Defendant's denial, there is overwhelming evidence that the email is authentic, and that Defendant was the sender. The principal issue is whether the email justifies eliminating the § 3E1.1 reduction reflected in the PSR.

The Government argues that, by attempting to send the email, Defendant committed a new crime related to the kidnapping. ECF No. 41 at PageID.120. The Government cites 18 U.S.C. §§ 875, 1513 and M.C.L. 750.540e.[2] *See United States v. Reed*, 951 F.2d 97, 100 (6th Cir. 1991) ("[C]ontinued criminal conduct is incompatible with the idea of acceptance of responsibility."). Defendant denies that the email was related to the kidnapping, even if it were criminal. ECF No. 45 at PageID.136. There is no indication that Defendant has been charged with a new offense, but assuming the email constituted witness intimidation or some other crime, it was clearly related to the kidnapping. Indeed, Defendant alludes to the underlying offense when he reminds B.P. that he will be "out [] one day," and that when he is, "it will be the end [of her] blood line." ECF No. 45 at PageID.133.

However, neither the Guidelines nor their commentary require a finding of ongoing criminal activity. Instead, the commentary states that, for purposes of § 3E1.1, the effect of a guilty plea can be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."[3] U.S.S.G. § 3E1.1, comment (n.3). Here, the email plainly demonstrates that Defendant has failed to accept responsibility for the kidnapping and, in fact, continues to threaten

---

[2] These statutes cited criminalize threatening communications (18 U.S.C. § 875; M.C.L. § 750.540e) and witness intimidation (18 U.S.C. § 1513).

[3] Whether the defendant has withdrawn from criminal conduct and associations is just one factor among others. For example, *United States v. Morrison*, 983 F.2d 730, 734 (6th Cir. 1993), which both parties cite, was concerned with one narrow question with respect to § 3E1.1: "[W]hether criminal activity committed after indictment/information but before sentencing, which is wholly distinct from the crime(s) for which a defendant is being sentenced, can be properly considered when determining whether a two-level acceptance of responsibility reduction is in order." *Morrison*, 983 F.2d at 733–34.

and terrorize the victim. *See States v. Harris*, 207 F. App'x 265, 267 (4th Cir. 2006) (affirming finding that post-plea conduct was inconsistent with acceptance of responsibility where defendant convicted of sending threatening mail to wife "made additional threats against his wife and others involved in his case even after he pled guilty"); *United States v. Hutterer*, 706 F.3d 921, 926 (8th Cir. 2013) ("[Defendant's] post-plea conduct, including mailing threatening letters to [a victim], does not reflect an acceptance of responsibility."). Defendant's frustration with the health of his mother cannot excuse such flagrant behavior. Accordingly, the Government's motion will be granted.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend the Presentence Investigation Report, ECF No. 41, is **GRANTED**.

It is further **ORDERED** that the United States Probation Office is **DIRECTED** to prepare a revised presentence investigation report that omits the reduction in offense level for acceptance of responsibility and **submit the same to the parties on or before November 30, 2020**.


Dated: November 6, 2020                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge