UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No. 1:19-cr-20463

v.                                                      Honorable Thomas L. Ludington
                                                              United States District Judge

JUAN HERNANDEZ SR.,

        Defendant.
_____/

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTION TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

In December 2019, Defendant Juan Hernandez Sr. pleaded guilty to kidnapping, 18 U.S.C. § 1201(a). ECF No. 32. As part of his plea agreement, Defendant waived his right to appeal. *Id.* at PageID.88. He was sentenced to 188 months' imprisonment and four years of supervised release. ECF No. 58. On August 2, 2022, he filed a notice of appeal of his Judgment. *See* ECF No. 60. He then filed a motion for an extension of time to file a § 2255 motion, ECF No. 62, which this Court transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631, ECF No. 63.

On September 28, 2022, Defendant filed a motion for withdrawal of defense counsel. ECF No. 65. A week later, he filed an amended motion for the same. ECF No. 67. The Motions state that Defendant did not hire this counsel for his appeal and that he has "expressed dissatisfaction" with counsel's services. *Id.* at PageID.215. Defendant asserts the Motions are properly filed under Local Rule 57.1. *Id.*

But once "a notice of appeal has been filed," requests for leave to withdraw as counsel may be contemplated by only the Court of Appeals, E.D. Mich. LCrR 57.1(a).

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).

Defendant's Notice of Appeal divests this Court of jurisdiction to consider a motion for withdrawal of his appellate counsel. Jurisdiction of Defendant's Judgment transferred to the Sixth Circuit Court of Appeals upon the filing of the Notice of Appeal of his Judgment. *See Grizzell v. Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). In other words, this Court has no jurisdiction to withdraw the counsel representing him in his appeal; only the court of appeals does. This Court will, therefore, direct the Clerk of the Court to transfer Defendant's Motions for Withdrawal to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Defendant's Motion for Withdrawal of Defense Counsel, ECF No. 65, and Amended Motion for Withdrawal of Defense Counsel, ECF No. 67, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Dated: October 11, 2022                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge