1UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 1:19-cr-20463

v.           Honorable Thomas L. Ludington
           United States District Judge
JUAN HERNANDEZ SR.,

           Defendant.
_____/

**OPINION AND ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Defendant seeks to appeal his judgment and sentence based on his claims of ineffective assistance of counsel. To that end, he has filed a motion for leave to appeal *in forma pauperis*. As explained hereafter, Plaintiff's Motion will be granted.

**I.**

On July 10, 2019, Defendant Juan Hernandez Sr. was indicted on one count of assault of an intimate or dating partner by strangulation or attempted strangulation and one count of witness tampering. ECF No. 1.

Magistrate Judge Patricia T. Morris appointed a Federal Community Defender to represent Defendant based on his averment of $1,900 of monthly income and $600 of monthly expenses. *See* ECF Nos. 4; 17 at PageID.50. Two months later, Defendant's family retained Attorney Toni L. Sessoms, an attorney associated with Paula M. Fisher, Attorney at Law, P.C. *See* ECF Nos. 18; 19. Attorney Sessoms was substituted as counsel for Defendant in September 2019. ECF No. 20.

Defendant entered a Rule 11 plea agreement with an appeal-waiver provision, ECF No. 32 at PageID.88, and Defendant's guilty plea was accepted on January 15, 2020, ECF No. 36. In

March 2021, while Defendant was awaiting sentencing, Attorney Paula Fisher was substituted as counsel for Defendant because Attorney Sessoms had left the firm. ECF No. 54.

On August 26, 2021, Defendant was sentenced to 188 months' imprisonment followed by four years of supervised release. ECF No. 58 at PageID.193–94. A year later, he filed a direct appeal of his judgment and sentence. ECF No. 60. Defendant's counsel, Paula Fisher, then filed a motion to withdraw as defense counsel, ECF Nos. 65, 67, 69, which was granted on October 19, 2022, ECF No. 70. Upon granting Attorney Fisher's motion to withdraw, the Sixth Circuit noted that Defendant "will proceed pro se until such time as he either notifies the court that he has retained new counsel or is granted pauper status." *Id.* at PageID.227.

Accordingly, Defendant filed a motion for leave to appeal *in forma pauperis* on January 18, 2023. ECF No. 71. Defendant avers that he is unable to pay the $505 required to file an appeal and that he intends to raise two issues on appeal, both related to ineffective assistance of counsel: (1) that Attorney Paula Fisher "coerced" him into accepting a plea, and (2) that counsel failed to argue for "acceptance points" on his behalf.[1] *Id.* at PageID.228. *But see United States v. Reynolds*, 534 F. App'x 347, 372 (6th Cir. 2013) ("In general, a defendant may not raise a claim for ineffective assistance of counsel on direct appeal." (citing *United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005))).

## II.

Under the Criminal Justice Act (CJA), a criminal defendant "financially unable to obtain" counsel is entitled to counsel, regardless of the merits of the case. 18 U.S.C. § 3006A(a)–(b). And a defendant who receives counsel under the CJA may file an appeal without prepayment of the required fees and costs. *Id.* § 3006A(d)(7).

---

[1] It is not clear whether the second claim is directed at Attorney Fisher, Attorney Sessoms, or both.

Because every criminal defendant has the right to a direct appeal, district courts should not consider the merits when deciding pauper status for a direct appeal; the district court should only determine whether the defendant is financially eligible for *in forma pauperis* status under the CJA. *United States v. Kosic*, 944 F.3d 448, 451–52 (2d Cir. 2019) (per curiam) ("[M]otions for IFP status and for appointment of CJA counsel shall be granted in direct criminal appeals solely based on the defendant's financial eligibility under the CJA and without consideration of the merits of the appeal."); *accord United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998) ("The determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal."); *see also Coppedge v. United States*, 369 U.S. 438, 447–48 (1962) ("It is not the burden of the petitioner to show that his appeal has merit . . . ."); *cf. United States v. Shepherd*, 922 F.3d 753, 759 (6th Cir. 2019) ("The Criminal Justice Act authorizes district courts to appoint counsel to defendants who are 'financially unable to obtain adequate representation.'" (quoting 18 U.S.C. § 3006A(a))); *Sheridan v. United States*, No. 4:19CR056-1, 2022 WL 2291702, at *3 (N.D. Ohio June 24, 2022) ("The Court's commitment to provide Petitioner counsel if he wanted different representation from his retained trial counsel, however, was applicable only in the context of a direct appeal.").

Defendant is currently imprisoned and submitted a financial affidavit reflecting that he is not employed, has no cash, and owns no property. ECF No. 71 at PageID.230. True, Defendant's mother retained counsel for him at the district court. ECF Nos. 18; 19. But two months earlier, this Court concluded that Defendant was financially eligible for appointed counsel under the CJA. ECF No. 4. In this way, it appears that Defendant is neither financially able to retain counsel now nor able to pay the $505 required to file a direct appeal.

- 4 -

Accordingly, this Court is satisfied that Defendant is eligible for pauper status under the CJA, and his Motion will be granted.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 71, is **GRANTED**.

Dated: February 17, 2023                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge