UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 1:19-cr-20463

v.                                             Honorable Thomas L. Ludington
                                                     United States District Judge

JUAN HERNANDEZ SR.,

        Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO VACATE SENTENCE**

In December 2019, Defendant Juan Hernandez Sr. pleaded guilty to kidnapping, 18 U.S.C. § 1201(a). ECF No. 32. As part of his plea agreement, Defendant waived his right to appeal. *Id.* at PageID.88. He was sentenced to 188 months' imprisonment and four years of supervised release. ECF No. 58. On August 2, 2022, he filed a notice of appeal of his Judgment. ECF No. 60. Although his appeal is pending, he filed a Motion to Vacate Sentence on July 6, 2023. ECF No. 74.

A prisoner serving a sentence imposed by a federal court may challenge that sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve[] a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (internal quotations omitted) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

- 2 -

Defendant does not present any extraordinary circumstances that require the habeas relief he seeks, *see generally* ECF No. 74, so his § 2255 Motion will be denied without prejudice, *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (1998) ("In the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal.").

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate Sentence, ECF No. 74, is **DENIED WITHOUT PREJUDICE**.

Dated: July 25, 2023                                        s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge